## T. G. CARNEY v. THE STATE.

### No. 3490.   Decided March 31, 1915.

**1.—Obstructing Public Road—Insufficiency of Evidence.**

Where, upon trial of obstructing, injuring, etc., a public road, the evidence did not correspond with the allegations in the complaint and information as to the description of the road, the conviction could not be sustained.

**2.—Same—Evidence—Willful Obstruction.**

Where, upon trial of wilfully obstructing a public road, the court ruled out testimony as to a letter written by the county judge to the defendant giving him implied permission to erect the obstruction, and failed to instruct the jury as to the definition of the word, "wilful," there being also testimony that the Commissioners Court impliedly, at least, gave the defendant permission to erect the alleged obstruction, the same was reversible error.

Appeal from the County Court of Haskell.   Tried below before the Hon. A. J. Smith.

Appeal from a conviction of wilfully obstructing a public road; penalty, a fine of $50.

The opinion states the case.

*James A. Stephens,* for appellant.—On question of court's failure to define the term "wilful": Parsons v. State, 26 Texas Crim. App., 192; Musgrave v. State, 28 id., 56; Thomas v. State, 14 id., 200; Rose v. State, 19 id., 470; Shubert v. State, 16 id., 645; Trice v. State, 17 id.; 43; Yoakum v. State, 21 id., 260.

On question of insufficiency of the evidence: Calvin v. State, 25 Texas, 789; Huntsmann v. State, 12 Texas Crim. App., 619; Young v. State, 12 id., 614; Pitner v. State, 23 id., 366.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—The complaint and information charge appellant with obstructing and injuring and causing to be obstructed and injured a certain public road and highway, then and there situated; towit: that part of road precinct No. 43, known as the street and avenue extending north and south on the east side of the Carney addition to the town of O'Brien, and known as Garfield Avenue, by then and there erecting and causing to be erected a fence across said street and avenue. The second count charges appellant unlawfully and wilfully obstructed and injured and did cause to be obstructed and injured a certain public street in the unincorporated town of O'Brien, Texas, and known as Garfield Avenue in the Carney addition to said town of O'Brien, by then and there erecting and causing to be erected a fence across said street.

The only witness who testified to the obstruction was I. P. Dunn. He says that the street or highway that was obstructed ran east and west, which he called Garfield Avenue. The allegation is that Garfield Avenue ran north and south. The evidence for the State does not

sustain the allegation of the complaint and information. The whole contention in the case on the facts was whether or not Garfield Avenue was obstructed. There was no contention by pleading or otherwise that any other part of the town of O'Brien was obstructed by appellant. Dunn says if Garfield Avenue ran north and south, "then I might be mistaken about that fence being across the avenue; but I think it runs east and west, right in front of my lots, this street that Mr. Carney fenced. No, I did not see him fencing any street running north and south, but the fence that he put across Garfield Avenue runs north and south. I did not see him fencing a street running north and south." The original map of the town of Carney was introduced, and it shows that Garfield Avenue on that map as laid out runs north and south through the town. Dunn's property was on block No. 77 of the town, but this map does not show such block, and in fact in the recorded Carney addition such a street as Garfield Avenue does not appear, and from it, it seems no such street as Garfield Avenue is in the Carney addition to the town of Carney, or O'Brien, as it is now called. On the original map of the town the Garfield Avenue was marked as running north and south instead of east and west, and on the original map the Garfield Avenue as was then marked out runs on the outer edge of the town and does not touch block No. 79 at any point. Dunn said he owned two lots on block No. 77, and he testified from the map shown him his lots did not touch Garfield Avenue at any point. The map as recorded in the deed records of the county showing the Carney addition, which for "brevity" was "not included in the transcript," as stated in the statement of facts, but "for the purposes of this record it is agreed that this map of this addition does not show any such street, alley or highway in the Carney addition to the town of Carney, or O'Brien, by the name of Garfield Avenue." In another map, however, it was shown that there was a Garfield Avenue marked on the map, but it ran north and south, and block No. 77, on which Dunn says his two lots were, is not shown on the map. This would dispose of the case on the ground that the facts do not correspond with the allegations.

The county judge, Smith, was introduced, and it is shown that on request of appellant the Commissioners Court, after investigating the matter, agreed that appellant might close certain lands, which he said were on the east of the depot, when he wrote to Carney; that the letter should have referred to the west side instead of the east side, and that appellant stated, while seeking to get permission to close certain lands, that he did not wish to do anything concerning the matter except what was agreeable to the Commissioners Court, and that he would remove any fence that they did not want placed where he would place it or had placed it. This letter, it seems, is included in connection with an objection to the charge properly taken, that the court did not define the word "wilful." The word wilful was not defined in the charge. This, under the authorities, was necessary, and especially where there was an issue on the question of wilfulness. The letter of the county judge was not introduced in evidence, and the question was raised in

regard to that matter in motion for new trial. That letter is in the following language, omitting everything except the contents of the letter, which was directed to appellant and signed by A. J. Smith, who was county judge. He says: "Dear Friend: I have been in bed sick for several days is why I have failed to answer your letter, but your request was granted at the last meeting of the Commissioners Court as far as the lots east of the railroad, as Mr. Menefee said you only showed him those east of the road, so far as that goes you can fence them up. I will get the orders all prepared and recorded, but as far as the lots west of the railroad they did not pass any order to that effect. But if I can do you any good in the matter further let me know. Yours truly, A. J. Smith." The obstruction, if any was placed across the street or highway, was on the east of the railroad and not on the west. While not perhaps sufficiently presented in the record, the letter and its contents should have been admitted. Upon another trial, if one is had, this letter is clearly admissible. The county judge states in his testimony that he intended to write about the west side but the letter shows that he wrote about the east side of the railroad. This was directly applicable to that part of the allegation which charged him with wilfully obstructing the street. It is shown that the Commissioners Court entered the order authorizing appellant to close the street after investigating the matter.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*